UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BERISFORD MCKENZIE,

                      Plaintiff(s),      Civil Action No.: 2:22-cv-5352

         -against-                  **COMPLAINT WITH JURY DEMAND**

UNION MUTUAL FIRE INSURANCE COMPANY,

                      Defendant(s).
-------------------------------------------------------------------X

      Plaintiff(s), **BERISFORD MCKENZIE** by his attorneys, **GREENBLATT AGULNICK KREMIN, P.C.**, for its complaint against the defendant, alleges as follows:

## THE PARTIES

      1.    Plaintiff BERISFORD MCKENZIE is an individual and resident of the State of New York with a residence located at 116-57 Mexico Street, Saint Albans, New York in the county of Queens.

      2.    That Defendant UNION MUTUAL FIRE INSURANCE COMPANY (hereinafter referred to as "UNION" or "Insurance Company") is a corporation duly organized and existing under the laws of the State of Vermont with its principal offices for the conduct of business located at P.O. Box 158, Montpelier, Vermont 05601.

## JURISDICTION AND VENUE

      3.    UNION, its subsidiary, broker and/or agent is an insurance company licensed, admitted, engaging in, and/or authorized to engage in the business of liability and casualty insurance within the State of New York, with offices for the transaction of business located within the State of New York.

      4.    At all times hereinafter alleged, Plaintiff owned and had an insurable interest the real property commonly referred to as 109-56 215th Street, Queens Village,

New York in the County of Queens and State of New York (hereinafter referred to as the "Property").

5. Plaintiffs bring this action against Defendant Insurance Company with regard to the Defendant Insurance Company's failure to indemnify Plaintiffs for their building and/or contents insurance claim following a fire damage loss at the Property, which occurred suddenly and accidentally on or about October 22, 2021, the facts and circumstances being more fully set forth below.

6. The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Queens, State of New York.

7. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## REVEVANT FACTS

10. That UNION, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff a Commercial insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number 314PK-20067-08 (the "Policy"), whereby it insured the Property against all risks of loss to certain specified perils in the limits contained therein, including, inter alia, physical loss from fire damage. The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent and in effect on the date of the Loss.

11. Pursuant to the policy, the Defendant UNION, its subsidiary, and/or agent agreed to insure the Plaintiff for a term of one (1) year, and in effect on October 22, 2021,

against loss of property caused by inter alia physical loss from fire damage. The Defendant, its subsidiary, and/or agent, during the policy term, agreed to indemnify the Plaintiff against loss or damage sustained by inter alia physical loss from fire damage.

12. On or about October 22, 2021, while the insurance policy was in full force and effect, a fire in the building occurred which caused, resulted in extensive damages to building, improvements and contents therein.

13. By reason of the above-mentioned occurrence, Plaintiff sustained physical loss to the Property and other losses, in an amount to be determined at trial but believed to be in excess of seven hundred fifty thousand dollars ($750,000.00).

14. The Plaintiff notified the Defendant insurance company, its subsidiary, its employees or agents of the fire damage and resulting damage at the aforementioned property and of the loss sustained thereby, as soon as was practicable after the loss.

15. The Plaintiff(s) has submitted to the Defendant's request for a complete examination of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

16. That Plaintiff(s) has satisfied all conditions precedent to the instant suit.

17. At all times mentioned, the Plaintiff(s) has not obtained any other insurance upon the described property.

18. In response to the Loss and insurance claim, Insurance Company has wrongfully denied coverage, refused to make payment and rescinded the commercial policy in bad faith, by way of letter dated March 30, 2022 (the "Denial Letter"), a copy of which is annexed hereto and incorporated by reference as EXHIBIT A.

19. That the Denial Letter is predicated upon conclusory and unsupported assertions of misrepresentation by the insureds as to the number of "apartment units" at the insured location.

20. That the subject location is properly described as having four (4) apartment units.

21. The Plaintiff made no material misrepresentations.

22. That any alleged misrepresentations were immaterial.

23. That the term "apartment unit" is undefined in the policy and subject to multiple interpretations and thus ambiguous, as held by This Honorable Court in Lee v. Union Mutual 20-CV-3191.  A copy of the Memorandum and Order is annexed as EXHIBIT B.

24. That Defendant's description of the "full basement apartment" is inaccurate and misleading, as such a description is belied by the black letter laws and regulations in the City of New York.

25. That the space in the basement is not as a matter of law an "apartment unit".

26. That the basement was not occupied by any tenant, guest, or otherwise.

27. That the space in the basement does not legally constitute either a dwelling, apartment, or unit.

28. That the space in the basement is not legally habitable as an apartment, dwelling, unit.

29. That §27–2004 of the Housing Maintenance Code of the City of New York sets forth:

*Definitions: Apartment shall mean one or more living rooms, arranged to be occupied as a unit separate from all other rooms within a dwelling, with lawful sanitary facilities and a lawful kitchen or kitchenette for the exclusive use of the family residing in such unit.*

30. That the basement space did not comply with the laws which would permit it to constitute an apartment unit.

31. That a finished basement is not an apartment unit, but rather a finished basement.

32. That the instant claim should have been a routine and covered claim, but for the pattern and practice of the Insurance Company and its agents to first deny claims, regardless of the specious and incredulous nature of the denials and attempted rescission.

33. That Plaintiff rejects the Defendant's attempt to rescind and has not cashed the premium check tendered.

34. That, furthermore, upon information and belief, Defendant was aware of the physical condition of the house and the basement at or about the time the Policy was issued as a result of an inspection of the Property.

35. That Insurance Company has failed to and/or refused to indemnify the Plaintiff for their total loss in an amount to be determined at trial but believed to be in excess of seven hundred fifty thousand dollars ($750,000.00), although a demand has been made.

36. By reason of Insurance Company's contractual undertaking to Plaintiff pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiff the duties of good faith and fair dealing in connection with the parties' contractual relationship.

37. In accordance with the aforesaid duties of good faith and fair dealing, Insurance Company was and is prohibited from undertaking any act which would have the

effect of injuring or destroying Plaintiff's rights deriving from their contractual relationship with Insurance Company under the Policy.

38. By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations, and by citing illogical, factually inaccurate, unsupported, and conclusory grounds for denial, by neglecting a proper investigation of the claim, by retaining and relying upon an outside claims adjuster with little interest or inclination to properly assess and adjust claims, by wrongfully rescinding the commercial policy, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff.

39. Furthermore, Insurance Company, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

40. The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives and conduct by insurers, their agents, and representatives; deviating from the following is deemed unfair claim settlement practice thereunder:

(a) Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

(b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

(c) Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d) Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

41. Plaintiff has duly demanded payment of their loss under the Policy and has submitted the supporting proofs of loss, to the extent that same was demanded.

42. Insurance Company's actions toward Plaintiff are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then subsequently take the position, that, under its latest interpretation, there is no coverage under the circumstances without sufficient factual basis or logical explanation, and with a disregard for Insurance Company's burden and well settled law, effectively denying or hindering the processing of legitimate claims.

43. Insurance Company regularly denies otherwise legitimate claims setting forth frivolous grounds for the denial, contrary to fact, common sense, and causation.

44. Insurance Company's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation.

45. The Defendant has failed to and/or refused to indemnify the Plaintiff for his total Loss in an amount to be determined at trial but believed to be in excess of seven hundred fifty thousand dollars ($750,000.00), although a demand has been made

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT AS AGAINST**
**UNION MUTUAL FIRE INSURANCE COMPANY**

46. Plaintiff repeats and re-alleges all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

47. By, *inter alia*, failing to pay Plaintiff(s) under the Policy to the full extent of Plaintiff's loss, Insurance Company has breached its obligation under the Policy with regard to the loss caused by fire damage.

48. As a result of Defendant UNION's breach, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of seven hundred fifty thousand dollars ($750,000.00), plus appropriate interest of nine percent (9%) from the date of the Loss.

49. As a further result of Insurance Company's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

50. That was both expected and foreseeable that Plaintiff will sustain damages including the loss of use and enjoyment of the property, loss of business income, inability to make repairs thus lowering the value of the property, the need to procure alternative funds, opportunity costs and additional living expenses.

**WHEREFORE**, Plaintiff(s) **BERISFORD MCKENZIE,** demands judgment against UNION MUTUAL FIRE INSURANCE COMPANY as follows:

a. Under the FIRST Cause of Action, damages in an amount to be determined at trial but believed to be in the amount of seven hundred fifty thousand dollars ($750,000.00), plus appropriate interest, plus consequential damages directly resulting from UNION MUTUAL FIRE INSURANCE COMPANY's breach in the amount of one hundred thousand dollars ($100,000.00).

b.  Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

c.  Plaintiff demands a jury trial on all issues.

Dated:  Great Neck, New York
September 8, 2022

Yours, etc.,

**GREENBLATT AGULNICK KREMIN, P.C.**

By:_____
Scott E. Agulnick (1880)
*Attorney for Plaintiff*
**BERISFORD MCKENZIE**
55 Northern Blvd., Suite 302
Great Neck, New York
Tel: (718) 352- 4800
Fax: (718) 732- 2110

Defendant's Address:

**HURWITZ FINE P.C.**
Patricia A. Rauh, Esq.
*Attorneys for Defendant*
**UNION MUTUAL FIRE INSURANCE COMPANY**
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

Civil Action No:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERISFORD MCKENZIE,

           Plaintiff(s),
    -against-

UNION MUTUAL FIRE INSURANCE COMPANY,

           Defendant(s).

## COMPLAINT WITH JURY DEMAND

### GREENBLATT AGULNICK KREMIN, P.C.
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
55 Northern Blvd., Ste. 302
Great Neck, New York 11021
Tel: (718) 352- 4800
Fax: (718) 732- 2110

### "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:

Attorney(s) for DEFENDANT(S)

### Certification pursuant to FRCP 11

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

09/08/2022
Dated

           Scott E. Agulnick (SA1880)

Service of a copy of the within          is hereby **admitted**

..................................................................................
          Attorney(s) for